IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                       OPINION AND ORDER

         Plaintiff,

                       09-cv-708-bbc
                       05-cr-49-bbc

    v.

JON S. HOLT,

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Jon Holt has filed a motion for post conviction relief under 28 U.S.C. § 2255, seeking a reduction in the sentence imposed on him on October 25, 2005. He has also filed a Petition and Affidavit for Leave to Proceed in Forma Pauperis and a motion for appointment of counsel. His basic motion fails for several reasons. Although he argues that under recent Supreme Court cases, his sentence must be modified, he has not shown that the Supreme Court has addressed the nature of his particular conviction or that, even if it had, the decision would apply to a case that became final well before the Court ruled.

Defendant was charged with conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846(a)(1) and convicted of the charge on August 3, 2005, after a

1

trial. (The jury acquitted him of a second charge of intimidating a witness.) At his October 26, 2005 sentencing, I found that he was a career offender under the sentencing guidelines. U.S.S.G. § 4b1.1, because he had a prior felony controlled substances conviction and a conviction for vehicular flight from a police officer, which at the time of sentencing was considered a crime of violence when determining career offender status.

Now defendant seeks to have his sentence modified. He contends that two decisions of the Supreme Court, Begay v. United States, 128 S. Ct. 1581 (2008), and Chambers v. United States, 129 S. Ct. 687 (2009), establish that he was classified improperly as a career offender because his prior conviction for fleeing a police officer does not constitute a crime of violence as that term is used in § 4B1.1.

The first, and ultimately the last, question to be resolved is whether defendant can even bring his motion. Section § 2255 has a one-year period of limitations. The year starts running on the latest of four different dates. The only one that would help defendant is the date on which the Supreme Court recognizes for the first time the exact right he has asserted. According to defendant, the Supreme Court recognized that right for the first time either in Begay or Chambers.

The decision in Begay does not help defendant because it issued in April 2008 and defendant waited more than a year, or until November 19, 2009, to file this motion. Dodd v. United States, 545 U.S. 353 (2005) (one-year limitation period for filing § 2255 motion

starts to run from date on which Supreme Court recognized the right, not from date that right was made retroactively applicable). Defendant fares better with Chambers because that case was not decided until January 13, 2009, which was less than a year before defendant filed his motion.

However, neither Begay nor Chambers recognized the exact right that defendant is asserting. In Begay, 128 S. Ct. 1581, the Court addressed the question whether the state offense of driving under the influence of alcohol is a violent felony within the meaning of the Armed Career Criminal Act, 18 U.S.C. § 924(e), which imposes special mandatory prison terms on felons who possess firearms unlawfully. The Court held that it was not. In Chambers, 129 S. Ct. 687, the Court held that failing to report to prison to begin a term of imprisonment was not a violent felony under the Act. (Although both cases involved the Armed Career Criminal Act and not the sentencing guidelines, courts have adopted the reasoning in determining the reach of the provisions of the sentencing guidelines dealing with career offender status. E.g., United States v. Templeton, 543 F.3d 378 (7th Cir. 2008) ("[W]e interpret [USSG] § 4B1.2 in the same way as § 924(e).").

The Supreme Court has yet to decide whether defendant's crime, vehicular flight from a police officer, constitutes a crime of violence for career offender status under the guidelines or crime of violence under the Armed Career Criminal Act. It is arguable that such a decision is not necessary because Begay and Chambers make it plain how a court must

3

examine a statute to determine the nature of the prohibited conduct. The court must consider whether the statute is aimed at conduct presenting a serious potential risk of physical injury to another that typically involves purposeful, violent and aggressive conduct, Begay, 128 S. Ct. at 1586, and only under a categorical reading of the statute. By "categorical reading," the Court is saying that the lower courts must examine the offense generically in terms of the way the law defines the offense rather than looking at the specific facts underlying the conviction. Id. at 1584 (citing Taylor v. United States, 495 U.S. 575, 602 (1990)).

Such an argument would be stronger if the Supreme Court had not granted certiorari in Chambers after having decided Begay only the term before. The fact that it did suggests that it did not consider the "crime of violence" issue resolved after Begay. But the point is moot. A bigger problem looms. Defendant must show not only that the Supreme Court has newly recognized the constitutional right he seeks to assert, but he must convince this court that the right is retroactively applicable to cases on collateral review. Ashley v. United States, 266 F. 3d 671 (7th Cir. 2001) (holding that courts of appeals and district courts may decide retroactivity question when determining whether § 2255 motion is timely). Defendant has shown no reason why either Begay or Chambers have retroactive effect.

In Teague v. Lane, 489 U.S. 288, 310 (1989), the United States Supreme Court held that, with two exceptions, new constitutional rules of criminal procedure will not be

4

applicable to cases that have become final before the rules are announced. The exceptions are limited to (1) new rules that prohibit criminal punishment for certain types of primary conduct and (2) those that amount to "watershed" rules of criminal procedure, that is, those "new procedures without which the likelihood of an accurate conviction is seriously diminished." Id. at 313.

For defendant, the only effect of Begay and Chambers is on the calculation of his sentencing guidelines. For that reason, neither of the Teague exceptions applies. The new rulings do not make substantive changes in the law or involve a "watershed" rule. McReynolds v. United States, 397 F. 3d 479, 481 (7th Cir. 2005) ( holding that decision in United States v. Booker, 543 U.S. 220 (2005), related only to calculation of sentencing guidelines and was not retroactive because it did not make any primary conduct lawful and did not fundamentally improve fairness and accuracy of criminal process). See also United States v. Giggey, 551 F.3d 27, 36 n.3 (1st Cir. 2008) (noting that change in treatment of "violent felony" was not retroactive substantive change in law).

I conclude that the holdings in Begay and Chambers are not retroactive and would not apply to defendant's case even if they addressed the issue he is raising. Therefore, defendant's motion under 28 U.S.C. § 2255 must be denied as untimely.

ORDER

5

IT IS ORDERED that defendant Jon Holt's motion for vacation of his sentence pursuant to 28 U.S.C. § 2255 is DENIED as untimely.

FURTHER, IT IS ORDERED that defendant's motion to proceed <u>in forma pauperis</u> and his motion for appointment of counsel are DENIED as moot.

Entered this 8th day of December, 2009.

                                  BY THE COURT:
                                  /s/
                                  BARBARA B. CRABB
                                  District Judge